UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SELVY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:11CV621 FRB |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

In his application for writ of habeas corpus, petitioner seeks to challenge his 1994 convictions and sentences for second degree murder and armed criminal action. In an order dated April 21, 2011, the Court noted that petitioner's application for relief was filed more than ten years after the statute of limitations expired. See 28

---

[1] On April 21, 2011, the Court ordered petitioner to show cause as to why the instant application for a writ of habeas corpus should not be dismissed as time-barred.

U.S.C. § 2244(d). Accordingly, the Court required that petitioner show cause why his application should not be dismissed as time-barred.

In his response to show cause, petitioner makes two arguments. He first argues that he was under the age of eighteen at the time of his conviction. This fact does not excuse a filing that is more than ten years late, and petitioner has failed to include any citations of law in support of his assertion. Petitioner's second argument is that he was ignorant of the law and of the timeliness requirement. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Because the petitioner's arguments are insufficient to excuse his untimely filing, the Court will deny the application for a writ of habeas corpus. As petitioner has failed to make an arguable claim for equitable tolling, he is not entitled to a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Rule 4 of the Rules Governing § 2254 Proceedings.

Dated this 19th day of May, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE